Kara Hartzler
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
kara_hartzler@fd.org
Attorney for Eric Douglas Clark

## UNITED STATES DISTRICT COURT
## DISTRIC OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ERIC DOUGLAS CLARK,<br><br>　　　　　Defendant. | Case No. 22-cr-409-APM<br><br>**REQUEST TO EXTEND REPORTING DATE BASED ON *UNITED STATES v. GRIFFIN*** |

　　　　In a minute order dated November 3, 2024, this Court set a date of "no earlier than January 13, 2025," for Mr. Clark to report to the Bureau of Prisons to serve his five-month sentence for conviction of four misdemeanors related to the events of January 6, 2021. The Court also stated that "[i]f Defendant seeks to further extend his report date, he shall file such motion by January 6, 2025, and any opposition shall be filed by noon on January 9, 2025." Minute Order, Nov. 3, 2024.

　　　　Mr. Clark hereby requests an extension of at least 30 days—to February 12, 2025—for his reporting date. In his prior requests to extend his reporting date, Mr. Clark has explained that the D.C. Circuit Court of Appeals is currently considering the same issue raised in Mr. Clark's appeal—whether 18 U.S.C. § 1752(a) requires a person to know that a Secret Service protectee is present in a

1

"restricted building or grounds"—in the case of United States v. Griffin, No. 22-3042. Dkt. 141, 158. In a published decision, the *Griffin* majority rejected this argument, but Judge Katsas dissented, contending that such knowledge is required. *See United States v. Griffin,* 119 F.4th 1001, 1026–37 (D.C. Cir. 2024).

After the majority issued its opinion in *Griffin*, the D.C. Circuit granted the defendant's motion for an extension of time in which to file a petition for rehearing en banc. *See* Griffin, No. 22-3042. That petition for rehearing is currently due on February 4, 2025. Thus, an extension of Mr. Clark's reporting date to February 12 will permit this Court to see whether the defendant in *Griffin* files a petition for rehearing.

Mr. Clark's request for an extension on his reporting date continues to satisfy the bail-pending-appeal requirements of 18 U.S.C. § 3143(b)(1). First, Mr. Clark's appeal is "not for the purpose of delay." 18 U.S.C. § 3143(b)(1)(B). Mr. Clark already filed his opening brief to the D.C. Circuit Court on November 1, 2024, without requesting any extensions. See Case No. 24-3081. In this brief, he acknowledged the D.C. Circuit's decision in *Griffin* but preserved the issue by agreeing with Judge Katsas' dissent that *Griffin* was wrongly decided. *See id.* at 48–50. Thus, his appeal is "not for the purpose of delay" and "raises a substantial question of law" that at least one judge has agreed with. 18 U.S.C. § 3143(b)(1)(B).

Mr. Clark's appeal is also "likely to result" in a "reduced sentence." 18 U.S.C. § 3143(b)(1)(B)(iv). If an en banc panel of the D.C. Circuit agrees with Judge Katsas' dissent, Mr. Clark's two class A § 1752 misdemeanors would be reversed. Mr. Clark

would thus be left with two class B misdemeanors, which are not even subject to the Sentencing Guidelines. *See* U.S.S.G. § 1B1.9 ("The sentencing guidelines do not apply to any count of conviction that is a Class B or C misdemeanor or an infraction."). In other cases where the defendant was only convicted of a class B misdemeanor, this Court has frequently imposed a sentence of less than two months' home detention, or even probation.[1] This raises the prospect that Mr. Clark's current sentence of five months could be significantly reduced.

Mr. Clark is also "not likely to flee or pose a danger to the safety of any other person or the community" if he remains on release. 18 U.S.C. § 3143(b)(1)(A). On November 1, 2024, in accordance with this Court's order, Mr. Clark's probation officer filed a status report showing that Mr. Clark was in full compliance with the terms of his release and recommended no change in release conditions. Dkt. 159. Since that time, Mr. Clark has committed no violations and remains in compliance. Furthermore, he has no history of violent offenses and does not pose a danger or a flight risk.p

---

[1] *See* United States v. Zachary Wilson, No. 21-cr-578 (APM) (45 days' home detention; 24 months' probation); United States v. Kelsey Wilson, No. 21-cr-578 (APM) (30 days' home detention; 24 months' probation); United States v. Mark Rebegila, No. 21-cr-283 (APM) (30 days' home detention; 24 months' probation); United States v. Jeremiah Carollo, No. 22-cr-44 (APM) (21 days' incarceration; 12 months' probation); United States v. John Lolos, No. 21-cr-243 (APM) (14 days' incarceration); United States v. Sean Watson, No. 21-cr-422 (APM) (7 days incarceration; 24 months' probation); United States v. Paul Seymour Sr., No. 22-cr-41 (APM) (12 months' probation); United States v. Paul Seymour Jr., No. 22-cr-41 (APM) (12 months' probation); United States v. Jamie Ferguson, No. 22-cr-194 (APM) (24 months' probation); United States v. Andrew Cavanaugh, No. 21-cr-362 (APM) (24 months' probation).

Because Mr. Clark satisfies all the requirements of § 3143(b)(1), this Court should extend his reporting date by at least 30 days to February 12, 2025. Because Mr. Clark will likely request further extensions if a petition for rehearing is filed in *Griffin*, the Court may also grant a longer extension or may set future deadlines for Mr. Clark to request further extensions.

Respectfully submitted,

Dated: January 6, 2025

*/s/ Kara Hartzler*
KARA HARTZLER
Federal Defenders of San Diego, Inc.