UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **CASE NO. 22-cr-409 APM** |
| v. : | |
| : | |
| **ERIC DOUGLAS CLARK,** : | |
| : | |
| Defendant. : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION TO EXTEND REPORTING DATE**

The United States, by and through its attorney the United States Attorney for the District of Columbia, respectfully opposes the defendant's motion to extend his reporting date, ECF No. 160. On October 1, 2024, this Court found the defendant had presented a substantial question of law, "insofar as a ruling in *Griffin* remains pending." Order, ECF No. 157, p. 2. The *Griffin* harbinger no longer remains pending. The defendant continues to argue his own appeal presents a substantial question of law despite the now binding precedent of the Court of Appeals because within *that* case the attorney has not yet asked the Court for an en banc rehearing. But in *this* case, the defendant's appeal is now even less likely to result in a reversal. This Court should deny the defendant's renewed motion.

A substantial question of law is a close question or one that *very well could* be decided the other way. *See United States v. Perholtz*, 836 F.2d 554 (D.C. Cir. 1987). Here, the law-of-the-circuit doctrine requires the same issue presented in a later case to lead to the same result as the earlier case. "One three judge panel . . . does not have the authority to overrule another three-judge panel of the court." *LaShawn v. Barry*, 87 F.3d 1389, 1395 (D.C. Cir. 1996) (en banc). The same issue answered by the *Griffin* panel is raised here and would require the same result at the Court of Appeals. The question of law raised by the defendant here is no longer substantial.

As for the *Griffin* delay, "Rehearing en banc is not favored and ordinarily will be allowed only if one of the criteria in Rule 40(b)(2)(A)-(D) is met." Fed. R. App. P. 40(c). Those criteria include a conflicting panel decision with the Supreme Court, another Court of Appeals, or an earlier panel; and "one or more questions of exceptional importance." Fed. R. App. P. 40(b)(1)(D). Although it is still possible for the Court of Appeals to order a rehearing en banc, "still possible" is not the standard applied for determining whether a substantial question has been raised in *this* case. The standard is a "more demanding standard, because it appears better to accord with the expressed congressional intent to increase the required showing on the part of the defendant." *Perholtz*, 836 F.2d at 555-56. The defendant here does not meet that more demanding standard.

Congress intended the execution of any sentence be delayed only when a substantial question of law or fact is likely to affect that sentence. Because the defendant no longer presents a substantial question of law, and it is unlikely his sentence will be affected by his appeal, this Court should no longer permit release pending appeal.

                Respectfully Submitted,

                MATTHEW M. GRAVES
                United States Attorney
                D.C. Bar No. 481052

By:   /s/ *Adam M. Dreher*
       ADAM M. DREHER
       Assistant United States Attorney
       Michigan Bar No. P79246
       601 D St. NW
       Washington, D.C. 20530
       (202) 252-1706
       adam.dreher@usdoj.gov

       ERIC W. BOYLAN
       Assistant United States Attorney
       Texas Bar No. 24105519
       eric.boylan@usdoj.gov